## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| IMRAN MUSTAFA | ) |
| 14406 Autumn Terrace | ) |
| Boyds, Maryland 20841 | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No.: _____ |
| | ) |
| WILBUR ROSS, Secretary, | ) **Jury Demanded** |
| U.S. Department of Commerce | ) |
| 1401 Constitution Avenue, N.W. | ) |
| Washington, DC 20230 | ) |
| | ) |
| <u>Serve</u>: United States Attorney for the | ) |
|      District of Columbia | ) |
|      Channing D. Phillips, or his | ) |
|      Designated Representative | ) |
|      United States Attorney's Office | ) |
|      555 Fourth Street, N.W. | ) |
|      Washington, DC 20530 | ) |
| | ) |
| <u>Serve</u>: Attorney General of the United States | ) |
|      Jeff Sessions, or his | ) |
|      Designated Representative | ) |
|      U.S. Department of Justice | ) |
|      950 Pennsylvania Avenue, N.W. | ) |
|      Washington, D.C. 20530-0001 | ) |
| | ) |
| and | ) |
| | ) |
| MICHELLE LEE, Director, | ) |
| U.S. Patent and Trademark Office | ) |
| 600 Dulaney Street | ) |
| Alexandria, Virginia 22314 | ) |
| | ) |
| <u>Serve</u>: United States Attorney for the | ) |
|      Eastern District of Virginia | ) |
|      Dana J. Boente, or his | ) |
|      Designated Representative | ) |
|      Justin W. Williams U.S. Attorney Bldg. | ) |
|      2100 Jamieson Avenue | ) |
|      Alexandria, VA 22314 | ) |

<u>Serve</u>: Attorney General of the United States )
       Jeff Sessions, or his )
       Designated Representative )
       U.S. Department of Justice )
       950 Pennsylvania Avenue, NW )
       Washington, D.C. 20530-0001 )
                     )
          Defendants. )

## COMPLAINT

**COMES NOW** the Plaintiff Imran Mustafa, by and through undersigned counsel, and files suit against the named Defendants, and for cause of action states as follows:

## INTRODUCTION

1.  Plaintiff Imran Mustafa ("Plaintiff" or "Mr. Mustafa") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.; and the Civil Rights Act of 1991, 42 U.S.C. § 1981a; for relief from discrimination based on race (South Asian), national origin (India) and religion (Muslim).

2.  Defendant Wilbur Ross ("Secretary Lee") and Michelle Lee ("Director Lee") (collectively, "Defendants") discriminated against Plaintiff on the basis of his race (South Asian), national origin (India) and religion (Muslim) during the course of his employment with the United States Department of Commerce (United States Patent and Trademark Office ) ("the Agency").

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to Title VII, as amended, 42 U.S.C. §§ 2000e-16, 2000e-5(f)(1) and (3).  Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and presents a question of federal law.  28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

4.   Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).   Secretary Wilbur is an Secretary of the United States Department of Commerce, which is headquartered at 1401 Constitution Avenue, N.W., Washington, DC 20230.

**PARTIES**

5.   Plaintiff is currently domiciled at 14406 Autumn Branch Terrace, Boyds, Maryland 20841.   At all relevant times, Plaintiff was an employee of the United States Patent and Trademark Office.   Plaintiff is a resident of Montgomery County, Maryland and a United States citizen.

6.   Secretary Wilbur is the Secretary for the United States Department of Commerce, which promotes job creation and economic growth.   Secretary Wilbur is being sued in his official capacity as the Secretary for the U.S. Department of Commerce.

7.   Director Lee is the Director for the United States Patent and Trademark Office (USPTO), which is one of twelve bureaus within the United States Department of Commerce that issues patents to inventors and businesses for their inventions, and trademark registration for product and intellectual property identification.   Director Lee is being sued in her official capacity as the Director for USPTO.

8.   Defendants are subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendants; in addition, Defendants are the employer of persons who have committed negligent, discriminatory acts and/or omission against Plaintiff within the course and scope of their employment. Therefore, Defendants are liable pursuant to the doctrine of *Respondeat Superior*.

## EXHAUSTION OF REMEDIES

9.   Plaintiff has exhausted all of his administrative remedies.

10. Plaintiff timely contacted an EEO counselor and subsequently filed an informal complaint of discrimination based on his race, national origin and religion for the adverse employment actions alleged herein as soon as he had a reasonable belief that he was being subjected to discrimination.

11. Plaintiff timely filed a formal EEO complaint of discrimination based on his race, national origin and religion for the adverse employment actions alleged herein.

12. After the Agency issued its Final Agency Decision, dated September 29, 2016, Plaintiff appealed to the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO).

13. An EEOC OFO Order, dated May 4, 2017, provided Plaintiff ninety (90) days from receipt of that Order to file a complaint in the United States District Court. Pursuant to that Order, Plaintiff now timely files this action.

## FACTS

14. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

15. For almost a decade, Mr. Mustafa has been employed by the U.S. Department of Commerce in the USPTO as a Patent Examiner, GS-1224-14.

16. During his employment with the USPTO, Mr. Mustafa received positive comments on his performance appraisals, and high ratings on his performance evaluations in recognition of his abilities and contributions to the USPTO.

17. Indeed, Mr. Mustafa's outstanding performance resulted in him receiving the coveted "Bronze Medal" denoting his superior service to the USPTO.

18. Mr. Mustafa was also selected to train and mentor new employees at the Patent Training Academy from July 2014 to October 2014.

19. On or around April 20, 2015, Mr. Mustafa received and signed a performance evaluation providing him a "Fully Successful" rating.  Specifically, Mr. Mustafa was provided a rating of "Fully Successful" for his Quality, "Commendable" for his Productivity, "Fully Successful" for his Docket Management, and "Outstanding" for his Stakeholder Interaction.

20. Shortly before leaving for a two-week vacation to India, Mr. Mustafa was provided a second but very different performance evaluation, dated April 27, 2015, categorizing his performance as "Marginal" rating despite receiving a rating of 405, which is "Commendable."  This performance appraisal suspiciously changed his previous "Fully Successful" rating for his Docket Management to "Marginal."

21. Mr. Mustafa refused to sign this new and incorrect performance evaluation.

22. Shortly before boarding his flight, Mr. Mustafa received a call from his father, stating that his supervisor contacted him due to an "emergency" at work.  When Mr. Mustafa immediately called his supervisor, his supervisor continued to harass him about signing the April 27, 2015 performance evaluation and threatened that, if he left without signing it, he would "have an embarrassment" upon his return.

23. Mr. Mustafa was then immediately denied a deserved Within Grade Increase (WGI).

24. In the summer of 2015, the USPTO issued a vacancy announcement for the Supervisory Patent Examiner position, which was located in the same department that Mr. Mustafa worked and within his particular area of expertise.

25. Mr. Mustafa applied for this position and was interviewed August 2015.

26. On or around August 26, 2015, Mr. Mustafa was not selected for a Supervisory Patent Examiner position to which he applied.

27. Upon information and belief, the same individuals involved in the denial of Mr. Mustafa's WGI were the same who refused to promote Mr. Mustafa.

28. Of all the applicants, Mr. Mustafa was the best qualified and had the most experience and education for the position.

29. Conversely, the Selectee did not have the same specialized experience or a Master's degree, like the Mr. Mustafa.

30. The Selectee is non-South Asian, non-Indian, and is not a Muslim.

31. Mr. Mustafa learned of his non-selection in early September 2015; however, he did not have a reason to believe that one or all of his protected classes was the reason for his non-selection until shortly before contacting the EEO office.

32. On or around June 7, 2016, the USPTO put undue pressure on Mr. Mustafa to a settlement agreement that would have waived his future EEO rights.  As a result, Mr. Mustafa refused to sign the invalid settlement agreement.

33. Upon information and belief, similarly situated employees of a different protected class are not subjected to the same foregoing hostile work environment and unlawful treatment.

## **CAUSES OF ACTION**

### **COUNT ONE**
### **Title VII of the Civil Rights Act of 1964, as amended,**
### **42 U.S.C. § 2000e, *et seq*.**
### **(Employment Discrimination on the Basis of Race)**

34. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

35. Plaintiff is a South Asian and, as such, is a member of a protected class.

36. As an employee of Defendants, Plaintiff was treated differently and subjected to different terms and conditions of employment in comparison to the White employees that Defendants employed.

37. Defendants have subjected Plaintiff to adverse employment actions, including the adverse actions alleged herein, and otherwise deprived Plaintiff of his rights enjoyed by his White coworkers.

38. Defendants' unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

39. The reason(s) proffered for Defendants' unlawful conduct, including the selectees being more qualified than Plaintiff, are not legitimate and would be pretext for its discriminatory conduct.

40. Defendants knew that Plaintiff is South Asian prior to subjecting him to the adverse actions alleged described throughout this Complaint.

41. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race (South Asian).

42. Defendants have limited, segregated and classified Plaintiff in a way that deprives his of employment opportunities and otherwise adversely affects his status as an employee because of his race (South Asian).

43. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

44. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race (South Asian).

45. As a direct and proximate cause of Defendants' conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

46. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Defendants' treatment and actions were ongoing.

47. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

48. As a direct and proximate cause of Defendants' conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits,

promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

49. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendants' treatment and actions were ongoing.

50. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

    a.   Award compensatory damages permitted by statute;

    b.   Award lost wages;

    c.   Award any medical costs and expenses incurred as a result of Defendants' unlawful conduct;

    d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

    e.   Order Defendants to institute a policy and procedure to be implemented against discrimination;

    f.   Equal Employment Opportunity training for Defendants and the supervisory officials at issue herein;

    g.   Supervisory training for the supervisors at issue herein;

    h.   Award equitable, declaratory, and injunctive relief; and

    i.   Award such other and further relief as this Honorable Court deems just and proper.

**COUNT TWO**
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq*.**
**(Employment Discrimination on the Basis of National Origin)**

51. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

52. Plaintiff is from India and, as such, is a member of a protected class.

53. As an employee of Defendants, Plaintiff was treated differently and subjected to different terms and conditions of employment in comparison to the non-Indian employees that Defendants employed.

54. Defendants have subjected Plaintiff to adverse employment actions, including the adverse actions alleged herein, and otherwise deprived Plaintiff of his rights enjoyed by his non-Indian coworkers.

55. Defendants' unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

56. The reason(s) proffered for Defendants' unlawful conduct, including the selectees being more qualified than Plaintiff, are not legitimate and would be pretext for its discriminatory conduct.

57. Defendants knew that Plaintiff is from India prior to subjecting him to the adverse actions alleged described throughout this Complaint.

58. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his national origin (India).

59. Defendants have limited, segregated and classified Plaintiff in a way that deprives his of employment opportunities and otherwise adversely affects his status as an employee because of his national origin (India).

60. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

61. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his national origin (India).

62. As a direct and proximate cause of Defendants' conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

63. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.  Defendants' treatment and actions were ongoing.

64. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

65. As a direct and proximate cause of Defendants' conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits,

promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

66. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendants' treatment and actions were ongoing.

67. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

a. Award compensatory damages permitted by statute;

b. Award lost wages;

c. Award any medical costs and expenses incurred as a result of Defendants' unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendants to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendants and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
### Title VII of the Civil Rights Act of 1964, as amended,
### 42 U.S.C. § 2000e, *et seq*.
### (Employment Discrimination on the Basis of Religion)

68. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

69. Plaintiff is Muslim and, as such, is a member of a protected class.

70. As an employee of Defendants, Plaintiff was treated differently and subjected to different terms and conditions of employment in comparison to the non-Muslim employees that Defendants employed.

71. Defendants have subjected Plaintiff to adverse employment actions, including the adverse actions alleged herein, and otherwise deprived Plaintiff of his rights enjoyed by his non-Muslim coworkers.

72. Defendants' unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

73. The reason(s) proffered for Defendants' unlawful conduct, including the selectees being more qualified than Plaintiff, are not legitimate and would be pretext for its discriminatory conduct.

74. Defendants knew that Plaintiff is Muslim prior to subjecting him to the adverse actions alleged described throughout this Complaint.

75. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his religion (Muslim).

76. Defendants have limited, segregated and classified Plaintiff in a way that deprives his of employment opportunities and otherwise adversely affects his status as an employee because of his religion (Muslim).

77. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

78. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his religion (Muslim).

79. As a direct and proximate cause of Defendants' conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

80. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.  Defendants' treatment and actions were ongoing.

81. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

82. As a direct and proximate cause of Defendants' conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits,

promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

83. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendants' treatment and actions were ongoing.

84. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

   a.   Award compensatory damages permitted by statute;

   b.   Award lost wages;

   c.   Award any medical costs and expenses incurred as a result of Defendants' unlawful conduct;

   d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

   e.   Order Defendants to institute a policy and procedure to be implemented against discrimination;

   f.   Equal Employment Opportunity training for Defendants and the supervisory officials at issue herein;

   g.   Supervisory training for the supervisors at issue herein;

   h.   Award equitable, declaratory, and injunctive relief; and

   i.   Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

85. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

86. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendants and could result in further illegal actions on the part of Defendants, by and through their respective agents, servants and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.    Order Defendants to institute a policy and procedure to be implemented against discrimination;

b.    Equal Employment Opportunity training for Defendants and the supervisory officials at issue herein;

c.    Supervisory training for the supervisors at issue herein; and

d.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

87. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

_   //s// Mackenzie B. Coy_
Mackenzie B. Coy
(D.C. Bar No. 1004847)
A. Marques Pitre
PITRE & ASSOCIATES, LLC.
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Main Tel. 202-204-3006
Fax. 202-789-7349
Email: ampitre@ampitreassociates.com

Counsel for Plaintiff